UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   4:21-cv-01088-AGF |
| ) | |
| ST. LOUIS AUTO CAR SALES, LLC ) | |
| and ERIC WARE, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff Atlantic Casualty Insurance Company's motion for default judgment against Defendant Eric Ware.   (Doc. No. 41). Plaintiff filed this declaratory judgment action on September 1, 2021, seeking a determination that the insurance policy it issued to Defendant St. Louis Auto Car Sales, LLC ("St. Louis Auto") does not cover the claims asserted by Defendant Ware against Defendant St. Louis Auto in a state-court lawsuit.   (Doc. No. 1)

On September 13, 2021, a returned executed service of summons was filed, indicating that Ware was served on September 8, 2021, as such, his answer was due by September 29, 2021.   (Doc. No. 6).   Ware did not file an answer or other response to the complaint.

On November 14, 2022, this case was reassigned to the undersigned upon the retirement of the Judge Hamilton.   (Doc. No. 28).   On December 7, 2022, given that Ware had still not answered the complaint, the Court ordered Plaintiff to either file a

motion for voluntary dismissal or a motion for the entry of default with respect to Ware. (Doc. No. 34). On December 9, 2022, Plaintiff filed a motion for the entry of clerk's default against Ware (Doc. No. 38), which the clerk granted on December 12, 2022. (Doc. No. 40).

On December 14, 2022, Plaintiff filed the instant motion for default judgment against Ware. (Doc. No. 41). In its motion, Plaintiff seeks the entry of declaratory judgment in Plaintiff's favor. Plaintiff has also moved for summary judgment against both Defendants, seeking the same relief. (Doc. No. 19).

The Court recognizes that default judgments are not favored by courts, and the entry of such should be a "rare judicial act." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993). Though Plaintiff only moved for default judgment as to Ware, the declarations sought in Plaintiff's motion would necessarily affect the claims and arguments Defendant St. Louis Auto has raised against Plaintiff. Therefore, the Court will deny without prejudice the motion for default judgment to avoid the possibility of inconsistent results in the case. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) ("When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment."); *United Fire & Cas. Ins. Co., v. Thompson*, No. 1:09-CV-00051 LMB, 2010 WL 561578, at *2 (E.D. Mo. Feb. 10, 2010) (denying an insurance company's motion for default judgment without prejudice as to one defendant

in a multiple-defendant case, where the claims against similarly-situated non-defaulting defendants were not yet resolved).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment against Defendant Eric Ware is **DENIED without prejudice**.   (Doc. No. 41).

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2023.